UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NNAJI SYLVESTER,
NNENNA NNAJI,

      Plaintiffs,               CIVIL ACTION NO. 06-CV-14215

vs.

                                  DISTRICT JUDGE PAUL V. GADOLA
                                  MAGISTRATE JUDGE DONALD A. SCHEER
GEORGE PAPADOPOULOS, et.al.,

      Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion to Dismiss should be granted as the claims of unconstitutional conduct in this <u>Bivens</u> action are barred by the statute of limitations.

\*     \*     \*

Plaintiff, Nnaji Sylvester, while a federal prisoner at the Moshannon Valley Correctional Institute in Philipsburg, Pennsylvania,[1] was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant 42 U.S.C. §§ 1983, as well as the doctrine announced in <u>Bivens v. Six Unknown Named Federal Narcotics Agents</u>, 403 U.S. 388 (1971), on September 25, 2006, against Drug Enforcement Administration (DEA) Special Agent George Papadopoulos and fourteen unknown federal, state, and local law enforcement agents, in their official and individual capacities. Nnaji Sylvester also brought this action on behalf of Nnenna Nnaji, his seven year old daughter.

---

[1] Plaintiff is still incarcerated at the Moshannon Valley Correctional Center.

The Complaint alleges that on September 12, 2001, Defendant Papadopoulos violated Plaintiffs constitutional rights by (1) improperly obtaining and executing a facially defective search warrant for his residence; (2) improperly seizing, confiscating and forfeiting property, including, but not limited to, United States currency; (3) improperly traumatizing his young daughter by snatching her at gunpoint from her mother and allowing her to watch as they held the mother at gunpoint on the front porch of the residence for the duration of the search; and (4) improperly destroying the living room furniture while executing the search warrant.

Defendants filed a Rule 12(b) Motion for Dismissal on January 26, 2007, based upon sovereign and qualified immunity, the lack of state action and the expiration of the statute of limitations. The government also asserted that the claims brought by Nnenna Nnaji should be dismissed because a minor child cannot be represented by her non-attorney parent. Alternatively, the government maintained that the instant Complaint should be dismissed on the basis of the expiration of the three year statute of limitations applicable to § 1983 actions.

Plaintiffs filed a response to the government's Motion to Dismiss, on June 28, 2007, arguing that the claims against Special Agent Papadopoulos were not barred by the statute of limitations or qualified immunity. Plaintiffs also maintained that the action was not time barred because the government's search warrant and accompanying affidavit were defective since they had not been signed by anyone, as required by the Fourth Amendment.

## DISMISSAL WITHOUT PREJUDICE OF MINOR CHILD

This is a *pro se* action. Plaintiff, Sylvester Nnaji, is representing both himself and his seven year old daughter Nnenna. See Complaint ¶3(b). An adult litigant in federal court has the right to proceed in his own counsel, but a minor child cannot bring a suit through a parent as next friend if the parent is not represented by an attorney. Cheung v. Youth

Orchestra Foundation of Buffalo, 906 F.2d. 59, 61 (2nd Cir. 1990)("Where [minors] have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."); Lawson v. Edwardsburg Public School, 751 F.Supp. 1257, 1258-1259 (W.D. Mich. 1990). Sylvester Nnaji is not an attorney. Therefore, he cannot represent his minor daughter in this action. Accordingly, all claims brought by this minor child should be dismissed without prejudice.

STATUTE OF LIMITATIONS

I am persuaded that the allegations of unconstitutional conduct contained in the Complaint are barred by the statute of limitations. It is well settled that the limitations period for § 1983 claims[2] is the state's general or residual statute applicable to personal injury actions. Owens v. Okure, 488 U.S. 235, 2490-250 (1989); Wilson v. Garcia, 471 U.S. 261, 268-270 (1985); Carrol v. Wilkerson, 782 F.2d 44 (6th Cir. 1986)(all section 1983 claims should be characterized in the same way for limitations purposes and such claims are best characterized as personal injury claims).

Michigan has a three-year statute of limitations for personal injury claims. MCLA § 600.5805(8). Plaintiff commenced this action on September 25, 2006, more than five years after the September 12, 2001, search of his residence. Since Plaintiff has not asserted that the three year statute of limitations was tolled by any applicable statutory disability,[3] the claims against all the Defendants should be dismissed as time barred. Given this

---

[2] Courts have equated § 1983 actions and Bivens actions for purposes of statutes of limitations since they are both focused on the issue of unconstitutional conduct, one in the state context and the other in the federal sphere. See McSurely v. Hutchinson, 823 F.2d 1002, 1004-1005 (6th Cir. 1987), *cert denied*, 485 U,S. 934 (1988); Kurinsky v. United States, 33 F.3d 594, 599 (6th Cir. 1994), *cert denied*, 514 U.S. 1082 (1995).

[3] Plaintiffs have offered no evidence to support their written contention that the alleged lack of signatures on the search warrant and affidavit prevented them from understanding and pursuing remedies for their perceived wrongs in a timely fashion.

recommendation, Plaintiffs Motion for a Preliminary Injunction (Docket #12) should be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.


s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: September 5, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on September 5, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 5, 2007. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217