UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER NNAJI and
NNENNA NNAJI,   CIVIL CASE NO.: 06-14215

                Plaintiffs,

v.   HONORABLE PAUL V. GADOLA
    U.S. DISTRICT JUDGE

GEORGE PAPADOPOULOS, *et al.*,

                Respondent.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

Prisoner and *pro se* Plaintiff Nnaji Sylvester filed an action against Drug Enforcement Administration Special Agent George Papadopoulos and numerous other officials relating to a September 12, 2001 search of a home. Plaintiff has brought claims on behalf of himself and his seven year old daughter, Nnenna Nnaji, alleging that the officers (1) improperly obtained and executed a facially defective search warrant; (2) improperly seized, confiscated, and forfeited certain property; (3) improperly traumatized Nnenna Nnaji; and (4) improperly destroyed furniture while executing the warrant, on September 14, 2001.

Now before the Court are Magistrate Judge Donald A. Scheer's September 5, 2007 Report and Recommendation and Plaintiff's objections. The Report and Recommendation recommended that Defendant George Papadopoulos' motion to dismiss be granted because the three-year applicable statute of limitations had run prior to Plaintiff's filing of the complaint and because Plaintiff Sylvester Nnaji, as parent of the minor child Nnenna Nnaji proceeding *pro se*, is barred from bringing claims on his child's behalf.

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo*. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

Here, because Petitioner filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts

2

a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

Therefore, in accordance with the requisite *de novo* review, the Court has reviewed the claims and evidence that were before Magistrate Judge Scheer. Magistrate Judge Scheer properly concluded that Plaintiff Sylvester Nnaji cannot bring claims on behalf of his minor child Nnenna Nnaji. *Cheung v. Youth Orchestra Found. Of Buffalo, Inc.*, 906 F.2d 59, 1-62 (2d Cir. 1990)(citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)). *Cf. Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (finding that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others. This is because the competence of a layman is clearly too limited to allow him to risk the rights of others." (internal quotation omitted)). Therefore, all claims brought by Sylvester Nnaji on behalf of Nnenna Nnaji should be dismissed.

The remaining claims, those brought by Plaintiff Sylvester Nnaji's claims pursuant to 42 U.S.C. § 1983 and his *Bivens*-type claims, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), also must be dismissed. These claims are barred by the applicable three-year Michigan statute of limitations for such claims. *See* M.C.L. § 600.5805(8). Finally, to the extent that Plaintiff's claims rely upon the invalidity of the search warrant because it was not signed by Defendant Papadopoulos and failed to specify the items to be searched for, that contention is wrong. Plaintiff relies upon a purported "True Copy," allegedly issued by the Clerk of the Court's office. However, a review of the actual document that was filed on September 14,

2001, indicates that the warrant and affidavit were duly signed and also contained a list of property which was to be searched. Therefore, Plaintiff's has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). *See also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007).

Therefore, after its review, the Court finds that Report and Recommendation prepared by the magistrate judge is factually sound and legally correct.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Report and Recommendation [docket entry #17] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss [docket entry # 7] is **GRANTED.**

**SO ORDERED.**

Dated:  September 28, 2007              s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  October 1, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                       William L. Woodard                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Nnaji Sylvester            .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845